1  Sara Khosroabadi, Esq. (SBN: 299642)
2  sara@westcoastlitigation.com
   Joshua B. Swigart, Esq. (SBN: 225557)
3  josh@westcoastlitigation.com
4  **HYDE & SWIGART**
   2221 Camino Del Rio South, Suite 101
5  San Diego, CA 92108
   Telephone:   (619) 233-7770
6  Facsimile:   (619) 297-1022
7
   *Attorney for Plaintiffs,*
8  Mohammed Ereikat
9
10
11
12          **UNITED STATES DISTRICT COURT**
            **NORTHERN DISTRICT OF CALIFORNIA**
13
14  MOHAMMED EREIKAT,                    | **Case No:**
15                          Plaintiff,   | **COMPLAINT FOR DAMAGES**
16  v.                                   | **JURY TRIAL DEMANDED**
17  AMERICAN EXPRESS
18  CENTURION BANK, EQUIFAX
    INFORMATION SERVICES,
19  LLC, and TRANSUNION, LLC,
20                          Defendants.
21
22
23
24
25
26
27
28

**INTRODUCTION**

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. In addition, the California Legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq. ("CCCRAA") to insure fairness, impartiality, and protect consumer privacy. The CCCRAA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling

1  and evaluating consumer credit and other information on consumers. The
2  FCRA also imposes duties on the sources that provide credit information to
3  credit reporting agencies, called "furnishers."

4.  MOHAMMED EREIKAT ("Plaintiff") brings this Complaint for damages,
injunctive relief, and any other available legal or equitable remedies,
resulting from the illegal actions of AMERICAN EXPRESS CENTURION
BANK (""AMEX" or "Defendant"); EQUIFAX INFORMATION
SERVICES, LLC ("Equifax" or "Defendant"); and TRANSUNION, LLC
("TransUnion" or "Defendant") (collectively, "Defendants") with regard to
attempts by Defendants to unlawfully and abusively collect a debt allegedly
owed by Plaintiff in violation of California state debt collection laws, and
with regards to Defendants' failure to adhere to their duty to furnish accurate
credit information and investigate credit reporting disputes in violation of
federal and California state credit reporting laws.

5.  Plaintiff makes these allegations on information and belief, with the
exception of those allegations that pertain to Plaintiff, or to Plaintiff's
counsel, which Plaintiff alleges on personal knowledge.

6.  While many violations are described below with specificity, this Complaint
alleges violations of the statutes cited in their entirety.

7.  Unless otherwise stated, Plaintiff alleges that any violations by Defendants
were knowing and intentional, and that Defendants did not maintain
procedures reasonably adapted to avoid any such violation.

8.  Unless otherwise indicated, the use of "Defendant" or "Defendants" in this
Complaint includes all agents, employees, officers, members, directors,
heirs, successors, assigns, principals, trustees, sureties, subrogees,
representatives, and insurers of Defendants.

/ / /

/ / /

**JURISDICTION AND VENUE**

9.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. In addition, jurisdiction also arises pursuant to 28 U.S.C. § 1367 for supplemental State claims.

10.   This action arises out of Defendants' violations of (i) the Rosenthal Fair  Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq.* ("RFDCPA"); (ii) the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; and (iii) the California Consumer Credit Reporting Agencies Act. Cal. Civ. Code § 1785 *et seq.* ("CCCRAA").

11.   Because Defendants regularly do business within the State of California, personal jurisdiction is established.

12.   Venue is proper in the United States District Court, Northern District of California pursuant to  28  U.S.C. § 1391 for  the  following  reasons: (i) Plaintiff resides in the County of San Mateo, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business  in  this judicial district at all times relevant.

**PARTIES**

13.   Plaintiff is a natural person who reside in the City of San Bruno, San Mateo County, State of California.

14.   AMEX is located in Salt Lake City, Salt Lake County, State of Utah,  and regularly does business in California.

15.   Equifax is located in the city of Atlanta, Fulton County, State of Georgia, and regularly does business in California.

16.   TransUnion is located in the city of Chicago, Cook County, Illinois, and regularly does business in California.

17.   Plaintiff is a natural person from whom a debt collector sought to collect  a consumer debt which was due and owing or alleged to be due and owing

1    from Plaintiff, and are "debtors" as that term is defined by California Civil

2    Code § 1788.2(h). In addition, Plaintiff is a consumer as that term is defined

3    by 15 U.S.C. § 1692a(3); and, Cal. Civ. Code § 1785.3(b).

4  18.  Plaintiff is informed and believes, and thereon alleges, that AMEX, in the

5    ordinary course of AMEX's businesses, regularly, on behalf of themselves or

6    others, engage in debt collection as that term is defined by California Civil

7    Code § 1788.2(b), and is therefore a "debt collector" as that term is defined

8    by California Civil Code § 1788.2(c).

9  19.  Plaintiff is a natural individual and thus a "consumer" as that term is defined

10    by Cal. Civ. Code § 1785.3(b).

11  20.  Equifax is a partnership, corporation, association, or other entity, and is

12    therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

13  21.  TransUnion is a partnership, corporation, association, or other entity, and is

14    therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

15  22.  AMEX is a partnership, corporation, association, or other entity, and is

16    therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

17  23.  AMEX is a furnisher of information as contemplated by FCRA sections

18    1681s-2(a) & (b), that regularly and in the ordinary course of business

19    furnish information to one or more consumer reporting agencies about

20    consumer transactions or experiences with any consumer.

21  24.  Equifax is a "consumer reporting agency," as codified at 15 U.S.C. §

22    1681a(e).

23  25.  TransUnion is a "consumer reporting agency," as codified at 15 U.S.C. §

24    1681a(e).

25  26.  This case involves money, property or their equivalent, due or owing or

26    alleged to be due or owing from a natural person by reason of a consumer

27    credit transaction. As such, this action arises out of a consumer debt and

28    "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

27.   The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

**FACTUAL ALLEGATIONS**

28.   At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

29.   At all times relevant, AMEX conducted business within the State of California.

30.   At all times relevant, Equifax conducted business within the State of California.

31.   At all times relevant, TransUnion conducted business within the State of California.

32.   Prior to October 15, 2015, Plaintiffs opened an AMEX credit card with account number ending in 1006 ("AMEX Account").

33.   Sometime prior to October 15, 2015, Plaintiffs and each of them are alleged to have incurred certain financial obligations to AMEX on the AMEX Account.

34.   Sometime prior to October 15, 2015, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged AMEX Account debt. Plaintiffs currently takes no position as to the validity of this alleged debt as it is irrelevant to this action.

/ / /

35. Subsequently, but prior to October 15, 2015, AMEX retained the law firm of Zwicker & Associates, P.C. ("Zwicker") to file a lawsuit against Plaintiff to recover from Plaintiffs money for this alleged debt allegedly owed by Plaintiffs.

36. On October 15, 2015, AMEX filed a lawsuit against Plaintiff to recover from Plaintiff the amount of $10,746.56 for the alleged AMEX Account debt allegedly owed by Plaintiff in the Superior Court of California for the County of San Mateo ("AMEX Lawsuit").

37. On or about November 6, 2015, Plaintiff retained the law firm of Hyde & Swigart to represent him in defending the AMEX Lawsuit.

38. In June of 2016, AMEX and Plaintiff executed a "Release and Settlement of Agreement" ("Settlement Agreement").

39. Pursuant to this Settlement Agreement, the exact terms of which are confidential, AMEX is furnishing inaccurate information about Plaintiff's AMEX Account to Defendant Equifax.

40. In June of 2016, Plaintiff began making payments to Defendant AMEX according to the terms of the Settlement Agreement.

41. In November of 2016, Plaintiff discovered that Defendant AMEX was furnishing inaccurate, negative information about the AMEX Account to the credit reporting agencies, including Defendants TransUnion and Equifax.

42. At this time, Plaintiff had made all payments as required according to the terms of the Settlement Agreement.

43. This furnished information stated that Plaintiff had a balance of $10,431.00.

44. Further, this inaccurate information stated that the status of the account was "Collection/Charged Off."

45. This information that Defendant AMEX furnished to the credit reporting agencies was false, misleading and inaccurate.

/ / /

46. In December of 2016, Plaintiff sent a reinvestigation request letter via certified US Mail to Defendant Equifax disputing the Amex Account information furnished by Defendant AMEX to Defendant Equifax ("Equifax Dispute Letter").

47. In December of 2016, Plaintiff sent a reinvestigation request letter via certified US Mail to Defendant TransUnion disputing the Amex Account information furnished by Defendant AMEX to Defendant TransUnion ("TransUnion Dispute Letter").

48. In January of 2017, Defendant Equifax sent Plaintiff the results of the reinvestigation requested by Plaintiff's Equifax Dispute Letter ("Equifax Reinvestigation Results").

49. In or around January of 2017, Defendant TransUnion sent Plaintiff the results of the reinvestigation requested by Plaintiff's TransUnion Dispute Letter ("TransUnion Reinvestigation Results").

50. Upon review of the Equifax and TransUnion Reinvestigation Results, Plaintiff discovered that Defendant AMEX was furnishing inaccurate information that Plaintiff's AMEX Account still had a balance of $9,906.00.

51. Upon review of the Reinvestigation Results, Plaintiff discovered that Defendant AMEX was furnishing the status of Plaintiff's AMEX Account as "Charge-off."

52. This consumer credit information furnished by Defendant AMEX was misleading, deceiving and inaccurate.

53. Defendant AMEX knowingly reported this new and inaccurate AMEX Account balance.

54. Defendant AMEX knowingly reported this inaccurate Amex Account status.

55. Through this conduct, Defendant AMEX violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the

1   RFDPCA by Cal. Civ. Code § 1788.17; thus, Defendant AMEX also violated

2   Cal. Civ. Code § 1788.17.

3   56.   Through this conduct, Defendant AMEX violated 15 U.S.C. § 1692e(8) by

4         communicating to any person credit information which is known or which

5         should be known to be false. This section is incorporated into the RFDPCA

6         by Cal. Civ. Code § 1788.17; thus, Defendant AMEX also violated Cal. Civ.

7         Code § 1788.17.

8   57.   Through this conduct Defendant AMEX failed to conduct a reasonable

9         investigation with respect to the disputed information as required by 15

10        U.S.C. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and

11        incorrect information.

12  58.   Upon information and belief, Defendant AMEX's investigation was

13        unreasonable. More specifically, Defendant AMEX should have discovered

14        from its records, including Plaintiff's formal dispute, that the information

15        Defendant AMEX was reporting was inaccurate and patently misleading,

16        pursuant to the terms of the confidential Settlement Agreement.

17  59.   Defendant AMEX failed to review all relevant information provided by

18        Plaintiff in the dispute to the Credit Bureaus, as required by and in violation

19        of 15 U.S.C. § 1681s-2(b)(1)(B).

20  60.   Due to Defendant AMEX's failure to reasonably investigate, they further

21        failed to correct and update Plaintiff's information as required by 15 U.S.C.

22        § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate

23        information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

24  61.   By inaccurately reporting account information after notice and confirmation

25        of its errors, Defendant AMEX failed to take appropriate measures as

26        required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

27  62.   Through this conduct Defendant AMEX maliciously, willfully, intentionally,

28        recklessly, and/or negligently failed to review the information provided in

the disputes and that was already in its files and to conduct a reasonable investigation on Plaintiff's dispute, which led as a direct result and consequence to the Defendant AMEX either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

63. Defendant Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

64. Through this conduct, Defendant Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

65. Plaintiff alleges that at all relevant times Defendant Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

66. Plaintiff alleges that Defendant Equifax failed to conduct a proper and lawful reinvestigation.

67. All aforementioned actions taken by the Defendant Equifax were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA.

68. Defendant TransUnion is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

69. Through this conduct, Defendant TransUnion failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

70.  Plaintiff alleges that at all relevant times Defendant TransUnion failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

71.  Plaintiff alleges that Defendant TransUnion failed to conduct a proper and lawful reinvestigation.

72.  All aforementioned actions taken by the Defendant TransUnion were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FCRA and state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA.

73.  Through this conduct, Defendant AMEX violated Cal. Civ. Code § 1785.25(b) by failing to promptly notify the consumer credit reporting agency of the determination that the information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate.

74.  Through this conduct, Defendant AMEX violated Cal. Civ. Code § 1785.25(a) by furnishing information to a consumer credit reporting agency knowing the information was inaccurate.

75.  Because Defendant AMEX is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant AMEX is and always was obligated to promptly notify the consumer credit reporting agency of the determination that the information on a specific transaction or experience so provided to a

HYDE & SWIGART
Consumer Protection Attorneys

consumer credit reporting agency is not complete or accurate and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate, as required by Cal. Civ. Code § 1785.25(b). Defendant AMEX knew or should have known that the information it furnished was inaccurate given the terms of the confidential Settlement Agreement. Thus, Defendant AMEX violated Cal. Civ. Code § 1785.25(b).

76. Moreover, 15 U.S.C. § 1681(b)(1)(f) of the Fair Credit Reporting Act (FCRA) expressly exempts Cal. Civ. Code § 1785.25(a) from the FCRA's general exclusion of State law claims. Thus, Plaintiff's CCCRAA claim is not preempted by the FCRA.

77. As a result of Defendants' conduct, Plaintiff suffers, and continues to suffer, actual damages, including harm to his credit-worthiness, credit history, and credit scores.

## CAUSES OF ACTION

### COUNT I

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

### AS TO DEFENDANT AMEX

78. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

79. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32.

80. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT II

### THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1692X (FCRA)

### AS TO DEFENDANTS AMEX,  EQUIFAX AND TRANSUNION

81.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82.   The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

83.   As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

84.   As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

## COUNT III

### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE § 1785.1 ET SEQ.

### AS TO DEFENDANT AMEX

85.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

/ / /

86. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

87. Because AMEX is a partnership, corporation, association, or other entity, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendant is and always was obligated to promptly notify the consumer credit reporting agency of the determination that the information on a specific transaction or experience so provided to a consumer credit reporting agency is not complete or accurate and provide to the consumer credit reporting agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the consumer credit reporting agency complete and accurate., as required by Cal. Civ. Code § 1785.25(b). AMEX knew or should have known that Plaintiff had paid off the alleged debt and that it was no longer in collections. Thus, AMEX violated Cal. Civ. Code § 1785.25(b). Further, Defendant AMEX violated Cal. Civ. Code § 1785.25(a) by furnishing information to a consumer credit reporting agency knowing the information was inaccurate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### COUNT I

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

### AS TO BOTH DEFENDANT AMEX

88. An award of actual damages pursuant to California Civil Code § 1788.30(a);

89. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

/ / /

90. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## COUNT II

### THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1692x (FCRA)

### AS TO DEFENDANTS AMEX, EQUIFAX AND TRANSUNION

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

92. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

93. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

94. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

## COUNT III

### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE §§ 1785 ET SEQ.

### AS TO DEFENDANT AMEX

95. An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A).

96. An award of punitive damages of $5,000.00 pursuant to Cal. Civ. Code §1785.31(a)(2)(B).

97.     An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code §1785.31(d).

### TRIAL BY JURY

98.     Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: April 5, 2017

**HYDE & SWIGART**

By: s/ Sara F. Khosroabadi
    Sara F. Khosroabadi, Esq.
    Attorneys for Mohammed Ereikat